IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DEMARDUS TARVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | 7:16-cv-08115-LSC |
| ) | |
| UNITED STATES OF ) | (7:13-cr-348-LSC-JEO) |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### Memorandum of Opinion

This is a motion to vacate, set aside, or amend a sentence under the authority of 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015), filed *pro se* by Petitioner, DeMardus Tarver ("Tarver"), on June 27, 2016. (Doc. 1.) The United States has responded in opposition to the motion. (Doc. 5.) For the reasons stated below, Tarver's motion is due to be denied and this action dismissed with prejudice.

### I. Background

In November 2013, Tarver pled guilty to four counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); one count of discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and one

count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

This Court sentenced him to concurrent terms of 50 months of imprisonment for the Hobbs Act robbery counts, a consecutive term of 100 months of imprisonment for the § 924(c) discharging count, and a further consecutive term of 150 months of imprisonment for the § 924(c) brandishing count. The consecutive sentences were authorized under 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(c)(1)(C)(i). Both provisions increase the statutory imprisonment ranges for a defendant who discharges or brandishes a firearm during and in relation to a "crime of violence," which means a felony offense that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The predicates for both § 924(c)(1)(A) counts were his companion Hobbs Act robbery counts.

This Court entered judgment on May 27, 2015. Tarver did not appeal his conviction. This is his first motion filed pursuant to 28 U.S.C. § 2255.

## II. Discussion

Tarver contends that his § 924(c)(1) sentences should be invalidated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held unconstitutional part of the Armed Career Criminal Act ("ACCA"). The ACCA increases the statutory imprisonment range for defendants convicted of three "violent felonies" and defines "violent felony" as "any crime punishable by a term of imprisonment exceeding one year that: (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" clause and what is commonly called the "residual clause." *See United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012). *Johnson* held that the residual clause of the violent felony definition was void for vagueness. *See Johnson*, 135 S. Ct. at 2557-60.

Tarver was not sentenced or subject to an enhancement under the ACCA, 18 U.S.C. § 924(e). Rather, his sentence was enhanced pursuant to a distinct provision, § 924(c)(1)(A), which provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or

drug trafficking crime, or possesses a firearm in furtherance of such crimes, as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3).

Tarver argues that *Johnson* also implicates his sentence for using and carrying a firearm during and in relation to a crime of violence, in violation of § 924(c). Specifically, he argues that *Johnson* also invalidates § 924(c)(3)(B).

Tarver's motion is time-barred. He had one year from the date his conviction became final to file his § 2255 petition. *See* 28 U.S.C. § 2255(f)(1). Because he did not appeal his conviction, it became final when the time for filing a notice of appeal expired. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Tarver was convicted on May 27, 2015, and had 14 days within which to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i). Therefore, his conviction became final on June 10, 2015, and he had until June 10, 2016, to file his § 2255 petition. However, Tarver did not file his petition until June 22, 2016. *See* Doc. 1 at 11 (Tarver attesting, under penalty of perjury, that he gave his petition to prison authorities on June 22, 2016); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary . . ., we will assume that Washington's motion was delivered to prison authorities the day he signed it.").

Although Tarver did file his petition within one year of *Johnson*, which was issued on June 26, 2015, he is not entitled to tolling under § 2255(f)(3), which extends the one-year statute of limitations to the date of a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This is because while *Johnson* does identify such a right, *see Welch v. United States*, 136 S. Ct. 1257 (2016), Tarver's petition does not assert a bona fide *Johnson* claim.

The Eleventh Circuit has recently joined other Circuits in holding that *Johnson* does not apply to invalidate § 924(c)(3)(B). *Ovalles v. United States*, 861 F.3d 1257, 1265 (11th Cir. 2017). Additionally, the Eleventh Circuit has several times held, in cases identical to Tarver's, that a companion Hobbs Act robbery conviction, such as Tarver's, qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A) without regard to § 924(c)(3)(B). *See, e.g., In re Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) ("Saint Fleur's companion conviction for Hobbs Act robbery, which was charged in the same indictment as the § 924(c) count, clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)"); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that aiding and abetting a Hobbs Act robbery "clearly qualifies" under the use-of-force clause); *In re Gordon*, 827 F.3d 1289, 1293 (11th Cir. 2016) (reaffirming *In re Fleur*).

Tarver's case is identical to the facts of the cases mentioned above. The Hobbs Act defines "robbery" as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

In Tarver's indictment, both of the Hobbs Act predicates for Tarver's § 924(c)(1) offenses—Counts Two and Four—charged that he "did unlawfully attempt to obstruct and affect commerce and the movement of articles in such commerce by robbery" and specifically "by means of actual and threatened physical violence in furtherance of said robbery" in violation of 18 U.S.C. § 1951(a). The corresponding § 924(c)(1) counts—Counts Three and Five—charged that Tarver brandished a firearm during the robbery charged in Count Two and discharged a firearm during the robbery charged in Count Four. Therefore, "the elements of [Tarver's] § 1951 robber[ies], as replicated in the indictment, require[d] the use, attempted use, or threatened use of physical force 'against the person or property of another.'" *In re Fleur*, 824 F.3d at 1341. This means that even if *Johnson* did apply to invalidate § 924(c)(3)(B), which the Eleventh Circuit has now held that it does not, *see Ovalles*, 861 F.3d at 1265, *Johnson* would not entitle Tarver to a new sentence because his Hobbs Act robbery convictions would still qualify as "crimes of violence" under the use-of-force clause in § 924(c)(3)(A). As such, Eleventh Circuit binding precedent squarely forecloses Tarver's claim that he is entitled to resentencing under *Johnson*.

### III. Conclusion

For the foregoing reasons, Tarver's § 2255 motion is due to be denied. A separate closing order will be entered.

Additionally, the Court declines to issue a certificate of appealability. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Tarver's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Tarver's motion, it is due to be denied.

**DONE** AND **ORDERED** ON OCTOBER 6, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704